

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

---

*Peter J. Martinez*  *Suite 400*  DIRECT: 410-209-4984
*Assistant United States Attorney*  *36 S. Charles Street*  MAIN: 410-209-4800
*Peter.Martinez@usdoj.gov*  *Baltimore, MD 21201-3119*  FAX: 410-962-0717

June 7, 2017

The Honorable James K. Bredar
United States District Judge
101 W. Lombard Street
Baltimore, Maryland 21201

     Re:    United States v. Gerald Johnson et al., JKB-16-363

Dear Judge Bredar,

     We write to update the Court as to the status of discovery in the above-captioned case. Earlier today, we produced to defense counsel content associated with 14 social media accounts, which we obtained pursuant to federal search warrants last week. Pursuant to the Court's amended scheduling order, *see* ECF No. 166, we have identified the individual associated with each of the 14 accounts. We have also produced the publicly available YouTube videos that we referenced in Court on June 5.

     We also wish to notify the Court that following the hearing on June 5, we began collecting photo arrays and related material associated with the witnesses who testified in the state trials of Gerald Johnson, Wesley Brown, David Hunter and Kenneth Jones. While collecting those materials, we discovered that several documents were not included in our first and third discovery productions due to technical errors in "building" those productions. In preparing the productions, we reviewed and "tagged" certain documents on a page-by-page basis, rather than on a document-by-document basis, on account of the fact that many of the documents contained both *Jencks* and non-*Jencks* material. Despite our direction that the non-*Jencks* material be included in Productions 1 and 3, it came to our attention on Monday that the materials were not transmitted to our production discs when our paralegal "built" the productions using our I-Pro database.

     We have identified all such missing materials, and we produced them to defense counsel today, along with an index itemizing the relevant page ranges. We note that many of the materials are duplicative of materials already produced; similarly, many others are local police reports that, despite our willingness to produce them voluntarily, do not constitute discoverable Rule 16 material. *See United States v. Fort*, 472 F.3d 1006 (9th Cir. 2007), *cert. denied*, 128 S. Ct. 375 (2007) (investigative reports prepared by San Francisco police officers prior to federal RICO prosecution qualified for discovery exemption under Fed. R. Crim. P. 16(a)(2) when turned over to federal prosecutors and used in federal investigation and prosecution). More importantly, it is

our understanding, based on recent conversations with our paralegal, that the technical problem referenced above has now been corrected and will not re-occur in the future.

      Further, we wish to remind the Court that as we stated during the hearing on June 5, we are still awaiting search warrant returns for six Google/YouTube accounts.  We expect that those returns will largely consist of the publicly available videos that are included in our production today. (We sought the original versions of the videos from Google/YouTube so that we would be prepared in the event the source and/or authenticity of the videos is contested at a later proceeding). If, however, the returns include new material, we will produce that material to defense counsel as soon as it is received.

      Finally, although we recognize that the grand jury has returned an indictment in this case, we respectfully reserve the right to continue investigating criminal conduct by the defendants and their associates, in a manner consistent with the law.[1]  If, through those efforts, we obtain new information, we will produce all discoverable material promptly and without delay.

      Very truly yours,

      STEPHEN M. SCHENNING
      Acting United States Attorney

By: _____/s/_____
      Peter J. Martinez
      Christina A. Hoffman
      Assistant United States Attorneys

---

[1]  *See*, *e.*g., *Massiah v. United* States, 377 U.S. 201, 207 (1964) ("We do not question that in this case, as in many cases, it was entirely proper to continue an investigation of the defendant and his alleged confederates, even though the defendant had already been indicted."); *Maine v. Moulton*, 474 U.S. 159, 180 (1985) ("The police have an interest in the thorough investigation of crimes for which formal charges have already been filed.  They also have an interest in investigating new or additional crimes."); *United States v. Anderson*, 523 F.3d 1192, 1196 (5th Cir. 1975) ("Our decision does not question the propriety of continuing governmental investigation of an indicted defendant's suspected criminal activities."); *United States v. Banks*, 52 F. Supp. 3d 1201 (D. Kan. 2014) ("Defendants do not cite any authority for their argument that the return of an indictment terminates an investigation.").