## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO: JKB -16-363** |
| | : | |
| **MARQUISE MCCANTS** | : | |

…oOo…

## MOTION TO SUPPRESS TANGIBLE AND DERIVATIVE EVIDENCE FROM SEARCH AND SEIZURE OF 5617 PIONEER DRIVE

Now comes Defendant, Marquise McCants, by his attorney, John R. Francomano III, Esq., and hereby respectfully moves this Honorable Court pursuant to the Fourth Amendment of the United States Constitution, and Rule 41(c) Federal Rules of Criminal Procedure to suppress all evidence obtained during a search and seizure of 5617 Pioneer Drive, Baltimore, Maryland on February 5, 2017 and February 8, 2017. Said searches and seizures were in violation of Mr. McCants's right against unreasonable searches and seizures as guaranteed by the Fourth Amendment, and the fruits of any such evidence seized were similarly seized in violation of Mr. McCants's rights, and in support of the motion alleges as follows:

### FACTUAL BACKGROUND

On February 5 and 8 of 2017, at 5617 Pioneer Drive, Baltimore, Maryland, law enforcement executed a search and seizure warrant and Mr. McCants was located in the residence at the time of the execution of the search and seizure warrant. Various items were recovered including a Ruger SR40C 40 caliber handgun, digital scales, sifters, CDS packaging, ammunition and a clear bag containing manite. According to discovery, the

1

search was conducted pursuant to a search warrant. To obtain the warrant, law enforcement provided a Baltimore City Circuit Court Judge applications for Search and Seizure Warrants ("Applications"), setting out the items which law enforcement sought to seize from the residence, and Affidavits in Support of the Search and Seizure Warrants ("Affidavits"). The Affidavits applied to the address known as 5617 Pioneer Drive, Baltimore, Maryland 21214.

The Inventory Return for February 5, 2017 reveal that items were taken from the residence including digital scales, CDS packaging, sifters, ammunition and a clear bag containing manite. The Inventory Return for February 8, 2017 reveal that items were taken from the residence including Ruger SR40C 40 caliber handgun and magazine. During the February 8, 2017 search and seizure law enforcement tore a hole in a wall abutting the upstairs bathroom to determine if evidence was located in that area exceeding the scope of that warrant.

**LEGAL PRINCIPLES**

### A.  STANDING

The Fourth Amendment protects the "rights of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. The Supreme Court has instructed that the "capacity to claim the protection of the Fourth Amendment depends . . . upon whether the person who claims the protection of the Amendment has a legitimate expectation of privacy in the invaded place." *Doe v. Broderick*, 225 F.3d 440, 450 (4th Cir. 2000): *see also United States v. Kitchens*, 114 F.3rd 29, 31 (4th Cir. 1997); *California v. Greenwood*, 486 U.S. 35, 39, 108 S.Ct. 1625, 100 L.Ed.2d 30(1988). There is a legitimate expectation of privacy "when

the individual seeking Fourth Amendment protection maintains a 'subjective expectation of privacy' in the area searched that 'society [is] willing to recognize . . . as reasonable." *Doe*, 225 f.3d a 450 (*quoting California v. Ciraolo*, 476 U.S. 207, 211, 106 S.Ct. 1809, 90 L.Ed.2d 210 (1986).

Here, the location in question at 5617 Pioneer Drive, Baltimore, Maryland 21214 is not Mr. McCants's home, but he was arrested at that residence on February 5, 2017 and a document with his name was also seized at that same residence. It is well recognized that an individual's status as an overnight guest in another person's home is alone enough to show that he had an expectation of privacy in the home that society is prepared to recognize as reasonable. *Minnesota v. Olson*, 495 U.S. 91, 96-97, 110 S. Ct. 1684, 109 L. Ed. 2d 85, (1990)

### B. PROBABLE CAUSE ANALYSIS

Probable cause is an objective evaluation, requiring facts sufficient for a reasonably prudent person to infer that (1) a crime was committed and the arrestee committed it, or (2) particularly named fruits, evidence, and/or instrumentalities of a crime are located in a particularly named place. What constitutes probable cause is the same, regardless of whether the intrusion is pursuant to a warrant or conducted without a warrant. *Whitely v. United States*, 401 U.S. 560, 566 (1970). A police officer seeking the issuance of a search warrant must resent an affidavit containing facts sufficient to "provide the magistrate with a substantial basis for determining the existence of probable cause." *Illinois v. Gates*, 462 U.S. 213, 239, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The Fourth Amendment itself provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be

searched, and the persons or things to be seized." U.S. Const. amend. IV. Probable cause exists when "there are reasonably trustworthy facts which, given the totality of the circumstances are sufficient to lead a prudent person to believe that the items sought constitute fruits, instrumentalities, or evidence of crime and will be present at the time and place of the search." *United States v. Suarez*, 906 F.2d 977, 984 (4h Cir. 1990). The supporting affidavit must make it apparent, that there is some nexus between the items to be seized and the criminal activity being investigated. *see Warden v. Hayden*, 37 U.S. 294, 307 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967).

In this case, the averments in the Affidavit from February 8, 2017 ("2nd Warrant") do not sufficiently provide a nexus between the location to be searched, and criminal activity "afoot". There is no allegations in the Affidavit to indicate that any kind of criminal activity relating to the charges in this case were taking place or had taken place at, or near the residence of 5617 Pioneer Drive, Baltimore, Maryland 21214 on February 8, 2017, the day the 2nd Warrant was presented and sworn to before the Judge, or any time before that. With no such averments, there was nothing to indicate any of the items sought would be in the residence on February 8, 2017.

Additionally, even assuming a nexus with the residence in question, the alleged conduct and the items sought to be located in the home, there was insufficient probable cause in support of criminal conduct on behalf of Marquise McCants for the 2nd warrant. The probable cause analysis relies on the interpretation of two telephone calls between Mr. McCants and an unknown male, who is not charged in the instant case. Law Enforcement then goes on to describe what was discovered during the February 5, 2017 search and seizure warrant. There are no facts in the affidavit to corroborate these self-

4

serving interpretations by law enforcement seeking the warrant. The Baltimore City Police are trying to bootstrap the probable cause used for the February 5, 2017 warrant into the February 8, 2017 warrant because they did not find what they were looking for in the first warrant. The two recorded "jail calls", which are vague in their content, from Mr. McCants on February 6 and 7, 2017, alone do not provide sufficient probable cause to allow a search warrant to be issue on the February 8, 2017 date. Here we have barebones averments put forth in support of probable cause as to the search of 5617 Pioneer Drive, Baltimore, Maryland 21214.

The good faith exception does not save the day here. Case law provides that even if an affidavit was insufficient to establish probable cause, when police officers obtain evidence incident to a warrant, "suppression is appropriate only if the officers . . . could not have harbored an objectively reasonable belief in the existence of probable cause." *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984); *see United States v. Maxwell*, 920 F.ed 1028, 1034 (D.C. Cir.). Here, the February 8, 2017 Affidavit was deficient and the good faith exception does not apply to save it. The information in the February 8, 2017 Affidavit inadequately articulated any connection between Mr. McCants and the alleged crime that occurred on February 4, 2017. Additionally, it is so bare bones it cannot be relied on.

A judicial officer who is considering an application for a search warrant must decide "whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be

found in a particular place." *See United States v. Thomas*, 989 F.2d 1252, 1254 (D.C. Cir. 1993) (per curiam). Here we are left with no such comfort of "probability."

Should the Court find in favor of Mr. McCants with regard to the legality of the search and seizure of 5617 Pioneer Drive, Baltimore, Maryland 21214 on February 5 and 8, 2017, any and all evidence obtained subsequent to and as a result of these seizures and searches should also be suppressed for the same reasons. *Wong-Sun v. Inman*, 371 U.S. 471 (1963).

WHEREFORE, Defendant, Marquise McCants, respectfully moves that:

A.  That this Honorable Court Schedule a hearing on this Motion;

B.  This Honorable Court suppress all evidence obtained resulting from a search and subsequent seizure on February 5 and 8 of 2017, all items, the ownership of which is attributed to him by the Government, all personal items and all evidentiary fruits obtained therefrom, including any statements made by Mr. McCants during or subsequent to the illegal search and seizure.

C.  For such other further relief as the nature of Mr. McCants's cause may require.

Respectfully Submitted,

_____/s/_____
John R. Francomano III, Esq.
Francomano & Francomano, P.A.
101 E. Chesapeake Ave., Suite 200
Towson, Maryland 21286
(410) 307-1100
Bar ID # 26630
jrfiii@fandflawyers.com
*Attorney for Defendant*

## STATEMENT OF GROUNDS AND AUTHORITIES

1. United States Constitution 4th Amendment
2. Rule 41(c) Federal Rules of Criminal Procedure
3. *Doe v. Broderick*, 225 F.3d 440, 450 (4th Cir. 2000)
4. *United States v. Kitchens*, 114 F.3[rd] 29, 31 (4th Cir. 1997)
5. *California v. Greenwood*, 486 U.S. 35, 39, 108 S.Ct. 1625, 100 L.Ed.2d 30 (1988)
6. *California v. Ciraolo*, 476 U.S. 207, 211, 106 S.Ct. 1809, 90 L.Ed.2d 210 (1986)
7. *Minnesota v. Olson*, 495 U.S. 91, 96-97, 110 S. Ct. 1684, 109 L. Ed. 2d 85, (1990)
8. *Whitely v. United States*, 401 U.S. 560, 566 (1970)
9. *Illinois v. Gates*, 462 U.S. 213, 239, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)
10. *United States v. Suarez*, 906 F.2d 977, 984 (4h Cir. 1990)
11. *Warden v. Hayden*, 37 U.S. 294, 307 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967)
12. *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984)
13. *United States v. Maxwell*, 920 F.ed 1028, 1034 (D.C. Cir.)
14. *United States v. Thomas*, 989 F.2d 1252, 1254 (D.C. Cir. 1993)
15. *Wong-Sun v. Inman*, 371 U.S. 471 (1963)

## REQUEST FOR HEARING

Pursuant to Rule 105.6 of the local rules of the United States District Court for the District of Maryland, a hearing is requested on the Defendant's Motion.

_____/s/_____
John R. Francomano III, Esq.

7

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY THAT on this 4th day of August, 2017 a copy of the foregoing Motion to Suppress Tangible and Derivative Evidence from Search and Seizure of 5617 Pioneer Drive was electronically filed with the Clerk of the United States District Court using CM/ECF, with a notice of said filing to the following:

Peter J. Martinez, Esquire
Christina A. Hoffman, Esquire
Asst. U.S. Attorneys
36 S. Charles Street, Fourth Floor
Baltimore, Maryland 21201

_____/s/_____
John R. Francomano III, Esquire
