IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **THE UNITED STATES OF AMERICA,** | * | |
| v. | * | CRIMINAL NO. JKB-16-0363 |
| **GERALD THOMAS JOHNSON,** et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**ORDER**

The Court held a motions hearing in this case on October 10 and 11, 2017. For the reasons stated in open court, it is ORDERED:

1. The Government's Motion to Dismiss Count VI of the Second Superseding Indictment (ECF No. 286) is GRANTED.

2. Kenneth Jones's Consolidated Motion to Suppress Statements (ECF No. 189) is DENIED AS MOOT based on the Government's stipulation that it does not intend to introduce any such statements in its case-in-chief.

3. Kenneth Jones's Motion to Suppress Evidence Seized During Search of Residence (ECF No. 190) is DENIED AS MOOT based on the Government's stipulation that it does not intend to introduce the seized evidence at trial.

4. Kenneth Jones's Motion to Suppress Tangible and Derivative Evidence (Search of Social Media Account) (ECF No. 191) is DENIED WITHOUT PREJUDICE AS PREMATURE.

5. Kenneth Jones's Consolidated Motion to Suppress Out-of-Court Identifications and In-Court Identifications (ECF No. 193) is DENIED.

6. Kenneth Jones's Motion to Suppress Tangible Evidence and Derivative Evidence (ECF No. 194) obtained from a warrantless search incident to arrest is DENIED.

7. Kenneth Jones's Motion to Exclude Defendant's Statements Obtained in November and December, 2013 in Series of Recorded and Non-Recorded Jail Calls (ECF No. 195) is WITHDRAWN and therefore DENIED AS MOOT.

8. Marquise McCants's Motion to Dismiss Count I of the Second Superseding Indictment (ECF No. 199) is DENIED.

9. Marquise McCants's Motion to Suppress Tangible and Derivative Evidence from Search of and Seizure of 5617 Pioneer Drive (ECF No. 202) is DENIED.

10. Marquise McCants's Motion to Suppress Statements (ECF No. 203) is WITHDRAWN and therefore DENIED AS MOOT.

11. Marquise McCants's Motion to Suppress Warrantless Search and Seizure of Silver Honda Accord (ECF No. 204) is DENIED.

12. Marquise McCants's Motion to Suppress Evidence Obtained by Electronic Surveillance and Interception by Wire (ECF No. 205) is DENIED.

13. Marquise McCants's Motion to Suppress Tangible and Derivative Evidence from Search and Seizure Warrants for Social Media (ECF No. 211) is DENIED.

14. Marquise McCants's Motion to Suppress Electronic Surveillance Evidence and Evidence Resulting from Use of Cell Site Simulators (ECF No. 240, amending and superseding ECF No. 212) is DENIED.

15. Gerald Johnson's Motion to Suppress Fruits of Searches Conducted Pursuant to Warrants Dated May 10, 2017 (ECF No. 213) is DENIED.

16. Gerald Johnson's Motion to Suppress Fruits of Searches of His Residence and Vehicle (ECF No. 214) is DENIED.

17. Gerald Johnson's Motion to Suppress Fruits of Search Conducted June 30, 2016 (ECF No. 215) is DENIED AS MOOT based on the Government's stipulation that it does not intend to introduce the seized evidence at trial.

18. Wesley Brown's Motion to Suppress Tangible Evidence (ECF No. 221, amending and superseding ECF No. 196) is DENIED.

19. Wesley Brown's Motion to Suppress Statements (ECF No. 222, amending and superseding ECF No. 200) made on May 14, 2014, is DENIED AS MOOT based on the Government's stipulation that it does not intend to introduce any such statements in its case-in-chief.

20. Wesley Brown's Motion to Suppress Evidence (ECF No. 227) is DENIED.

21. Marquise McCants's Motion to File Out of Time and to Suppress Warrantless Search and Seizure of Shawn Gregg's Samsung Cell Phone (ECF No. 239) is GRANTED IN PART insofar as it seeks leave to file out of time and DENIED on the merits.

22. Joseph Bonds's Motion to Suppress Evidence Seized During the Search of a Green Honda Accord (ECF No. 254) is DENIED AS MOOT based on the Government's stipulation that it does not intend to introduce the seized evidence at trial.

23. Marquise McCants's Supplemental Motion to Suppress Tangible and Derivative Evidence from Search and Seizure of 5617 Pioneer Drive (ECF No. 278) is DENIED.

24. All motions filed by Kenneth Faison that remain outstanding are DENIED AS MOOT due to his guilty plea. This includes the following motions:
    a. ECF No. 179;

  b. ECF No. 180.

25. All motions filed by Montel Harvey that remain outstanding are DENIED AS MOOT due to his guilty plea.  This includes the following motions:

  a. ECF No. 231;

  b. ECF No. 232;

  c. ECF No. 233; and

  d. ECF No. 234.

26. Norman Handy's Motion to Adopt All Pertinent Motions and Supporting Authority Filed by Codefendants (ECF No. 219) is DENIED AS MOOT due to his guilty plea.

27. All motions to adopt motions of codefendants, except for those denied as moot, are GRANTED IN PART insofar as they seek to adopt the arguments made by codefendants that are applicable to them and DENIED on the merits.  This includes the following motions:

  a. ECF No. 185;

  b. ECF No. 207;

  c. ECF No. 218;

  d. ECF No. 236, amending and superseding ECF No. 220; and

  e. ECF No. 243.

28. All motions to sever defendants or to sever counts, not otherwise denied as moot, are DENIED.  This includes the following motions:

  a. ECF No. 192;

  b. ECF No. 201; and

  c. ECF No. 217

29. All motions to suppress evidence obtained by electronic surveillance pursuant to state law are DENIED.  This includes the following motions:

    a. ECF No. 187; and

    b. ECF No. 216.

30. All motions for disclosure pursuant to Federal Rules of Evidence 404(b) and 609 are DENIED WITHOUT PREJUDICE.  This includes the following motions:

    a. ECF No. 188; and

    b. ECF No. 206.

31. Marquise McCants's Motion for Leave to Amend, Supplement, Withdraw and/or File Additional Motions (ECF No. 208) is WITHDRAWN and therefore DENIED AS MOOT.

32. Kenneth Jones's Motion for Leave to Amend, Supplement, Withdraw, and/or File Additional Motions (ECF No. 186) is WITHDRAWN and therefore DENIED AS MOOT, except that Mr. Jones is GRANTED LEAVE to file a motion seeking to preclude admission of any potentially relevant state guilty pleas to the extent that he raises grounds for suppression distinct from those presented by Kenneth Faison in his motion to preclude his state guilty plea (ECF No. 178).  Any such motion and response thereto SHALL BE FILED according to the following briefing schedule:

    a. October 18, 2017:  Defendant's Motion Due;

    b. October 25, 2017:  Government's Response Due;

    c. October 27, 2017:  Defendant's Reply Due.

5

DATED this 12th day of October, 2017.

BY THE COURT:

/s/
James K. Bredar
Chief Judge
