**IN THE UNITED STATES DISTRICT COURT**
<u>**FOR THE DISTRICT OF MARYLAND**</u>

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **)** | |
| | **)** | |
| **v.** | **)** | **CRIMINAL NO. JKB-16-0363** |
| | **)** | |
| **GERALD JOHNSON , et al.** | **)** | |
| | **)** | |

...o0o...

**GOVERNMENT'S MOTION IN LIMINE FOR AN ORDER AUTHORIZING THE**
**UNITED STATES MARSHALS TO PHOTOGRAPH THE**
<u>**DEFENDANTS' TATTOOS BEFORE TRIAL**</u>

Among the many ways in which the Defendants demonstrated their allegiance to and membership in BGF was by having BGF-related tattoos. These included, but were not limited to, tattoos bearing the numbers 2-7-6, the alphanumeric characters for BGF; tattoos bearing the name and likeness of George Lester Jackson, a co-founder of BGF; tattoos bearing a dragon, one of the symbols of BGF; tattoos bearing a crossed sword and shotgun, another symbol of BGF; and tattoos bearing the word "Jamaa," the Swahili word for family, which is used as a shorthand term for BGF. Through this motion, the government seeks an order authorizing the United States Marshals to photograph the defendants' tattoos, and further authorizing ATF Task Force Officer Jonathan Hayden to be present while the photographs are taken so that he can testify to the authenticity of the photographs at trial.

The Fourth Circuit has held that compelling a defendant to be photographed for the purpose of capturing images of gang-related tattoos does not violate the constitutional privilege against self-incrimination. *United States v. Toliver*, 387 Fed. Appx. 406, 417 (4th Cir. 2010). That is because "tattoos are a physical trait, similar to [a] voice or handwriting," and therefore do not constitute testimony within the meaning of the Fifth Amendment. *Id*.; *see also Tasco v. Butler*,

835 F.2d 1120, 1124 (5th Cir. 1988) ("The Court's judicial notice of [the defendant's] identifying tattoos and scar did not impinge on his Fifth Amendment privilege."); *United States v. Bay*, 762 F.2d 1314, 1315-16 (9th Cir. 1985) ("The cases hold that [display of tattoos] does not infringe the Fifth Amendment privilege against self-incrimination."); *Watford v. Hendricks*, 2007 WL 1237839 (D.N.J. Apr. 27, 2007) (concluding that petitioner had no right to refuse to display his tattoo to the jury).

Evidence of the defendants' tattoos will also be probative, and therefore relevant, to the charged racketeering conspiracy in this case. To sustain its burden of proof on Count One, the government must prove both the existence of an enterprise—here, the BGF Greenmount Regime—and that the defendants were members of or associated with the enterprise. 18 U.S.C. §§ 1962(c) & (d); *Salinas v. United States*, 522 U.S. 52, 62-65 (1997). Courts have routinely held that evidence of gang-related tattoos is admissible in racketeering conspiracy cases to show affiliation with a particular group. *See*, *e.g.*, Toliver, *supra*, 387 Fed. Appx. at 419 ("Given that the government was required to show [the defendant's] membership in the BHB as one of the elements of the substantive crime, the presence of the gang tattoos all over his body tended to show [the defendant] was a member, and the evidence was properly admitted to show that membership."); *United States v. Pierce*, 785 F.3d 832, 841 (2nd Cir. 2015) (evidence of tattoos was relevant and properly admitted where it showed defendant's loyalty to fellow Courtlandt Avenue Crew gang members and animosity towards rival gang); United *States v. Zambrano*, 2011 WL4565796 at * 3 (N.D. Ill. Sep. 25, 2011) (denying Latin Kings' defendants' motion to exclude gang-tattoo evidence, and noting that "tattoo evidence demonstrated membership in a gang whose members composed a RICO conspiracy").

In sum, the order requested in this motion is consistent with the Fifth Amendment and likely to provide the jury with relevant and highly probative evidence.  Thus, for all of the foregoing reasons, the government respectfully asks the Court to issue an order authorizing the United States Marshals to photograph the defendants' tattoos, and further authorizing ATF Task Force Officer Jonathan Hayden to be present while the photographs are taken so that he can testify to the authenticity of the photographs at trial.

Respectfully submitted,


Stephen M. Schenning
Acting United States Attorney

By:   ___/s/_____
       Peter J. Martinez
       Christina A. Hoffman
       Assistant United States Attorneys
       36 South Charles Street
       Fourth Floor
       Baltimore, Maryland  21201
       (410) 209-4984

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of October, 2017, I caused a copy of the

foregoing Motion in Limine to be served on defense counsel through the electronic case filing

system.

_____/s/_____

Peter J. Martinez
Assistant United States Attorney