IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. JKB-16-0363 |
| | ) | |
| GERALD JOHNSON , et al. | ) | |
| | ) | |

...o0o...

## GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE MISSTATEMENTS OF THE LAW DURING DEFENSE OPENINGS

Based on recent conversations, the government is concerned that counsel for certain defendants are proceeding under the misconception that the government is required to prove specific overt acts in order to convict the defendants under Count One (RICO Conspiracy). That is not the law.

Unlike a substantive RICO charge, a RICO conspiracy does not require an overt act as an element of the offense. *See Salinas v. United States*, 522 U.S. 52, 63 (1997) ("There is no requirement of some overt act or specific act."). Instead, a RICO conspiracy may "exist even if a conspirator does not agree to commit or facilitate each and every part of the substantive offense." *Id*. The partners in the criminal plan need only "agree to pursue the same criminal objective," regardless of whether that criminal objective is ever started or carried out. *Id*. "Thus, to secure a conviction for RICO conspiracy, the government is not required to allege or prove the actual completion of *a single racketeering act* by a defendant or any other member of the conspiracy." *United States v. Cornell*, 780 F.3d 616, 624 (4th Cir. 2015) (emphasis added); *see also United States v. Mouzone*, 687 F.3d 207, 218 (4th Cir. 2012) ("Notably, however, a defendant can conspire to violate RICO and violate ' 1962(d) without 'himself commit[ting] or agree[ing] to commit the two or more' acts of racketeering activity. Rather, simply agreeing to advance a RICO undertaking

is sufficient."); *United States v. Browne*, 505 F.3d 1229, 1263-64 (11th Cir. 2007) (noting that RICO conspiracy charges do not require proof of an overt act); *United States v. Frega*, 179 F.3d 793, 799 (9th Cir. 1999) ("Unlike most ordinary conspirators, RICO conspirators do not need to commit, or agree to commit, overt acts; they just need to agree on the overall objective of the conspiracy."); *United States v. Corrado*, 286 F.3d 934, 937 (6th Cir. 2001) ("[Section] 1962(d) requires 'no overt or specific act' in carrying the RICO enterprise forward."); *United States v. Yannotti*, 541 F.3d 112, 129 (2d Cir. 2008) ("Indeed, to secure [the defendant's] conviction for RICO conspiracy, the government was not required to prove the actual commission of a single predicate act by [the defendant] or any other conspirator.").

What the government must prove is that each defendant knew generally about the pattern of racketeering activity and agreed to facilitate the racketeering scheme in some manner. Specifically, the jury will be asked to agree as to which type or types of predicate racketeering activity the defendant agreed would be committed **by the group**; for example, at least two acts of murder, attempted murder, robbery, or drug distribution, or any combination thereof (for a total of two acts).  *See Cornell*, 780 F.3d at 625 ("[E]very circuit to have considered this issue has concluded that for a RICO conspiracy charge the jury need only be unanimous as to the types of racketeering acts that the defendants agreed to commit."); *United States v. Applins*, 637 F.3d 59, 82 (2d Cir. 2011) (collecting cases); *United States v. Randall*, 661 F.3d 1291, 1297-99 (10th Cir. 2011).  The government does *not* have to prove that (a) any specific acts within those types of racketeering activities were committed, or (b) that the defendant himself or any member of the conspiracy actually committed the crimes encompassing the pattern of racketeering activity.

Because completion of an overt act is not an element of the offense, it follows that defense counsel should not be permitted to state in opening that the government is required to prove that a

defendant actually committed two acts in furtherance of the conspiracy. Accordingly, the government respectfully requests that this motion *in limine* be granted.

Respectfully submitted,

Stephen M. Schenning
Acting United States Attorney

By:   /s/
Peter J. Martinez
Christina A. Hoffman
Assistant United States Attorneys
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
(410) 209-4984

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on this 26th day of October, 2017, I caused a copy of the foregoing Motion in Limine to be served on defense counsel through the electronic case filing system.

                                            /s/  
                                        Peter J. Martinez  
                                        Assistant United States Attorney