### IN THE UNITED STATES DISTRICT COURT FOR
### THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | **CRIMINAL NO: JKB -16-363** |
| : | |
| **MARQUISE MCCANTS** : | |

…oOo…

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONTINUANCE

Now comes Defendant, Marquise McCants, by his attorney, John R. Francomano III, Esq., hereby respectfully moves this Honorable Court to continue the above captioned case for the reasons set forth below.

### I. FACTUAL BACKGROUND

Mr. McCants is charged with Conspiracy to Participate in a Racketeering Enterprise in violation of 18 U.S.C. §1962(d), Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substance in violation of 21 U.S.C. §846, §841 and Possession of a Firearm by a Felon in violation of 18 U.S.C. §922(g)(1). On October 17, 2017, counsel was contacted by AUSAs, Peter Martinez and Christina Hoffman, and was informed that they had recordings and video of Mr. McCants discussing murders and other BGF gang activity in the "barber shop" in the Chesapeake Detention Facility ("CDF"). On October 18, 2017, counsel met with AUSAs,

1

Martinez and Hoffman, and was given two recordings that allegedly had Mr. McCants speaking with Norman Handy about murders, kidnappings, guns and drugs. On October 18, 2017, AUSAs, Martinez and Hoffman, sent a letter, via e-mail, notifying defense counsel that FBI investigators provided them with a disc containing audio recordings and line sheets generated in connection with an unrelated investigation of criminal activity at the CDF, and that they could confirm that Mr. McCants and Norman Handy participated in the conversations. In that letter they went on to say that they were requesting a 128 GB hard drive and would provide the video footage as soon as they receive it from investigators. (*see*, Exhibit A). On October 27, 2017, AUSAs, Martinez and Hoffman, sent another letter, via e-mail, describing the room where the devices were located and that they "were installed with the approval of DOJ's Office of Enforcement Operations and the concurrence of the United States Marshals service and CDF staff." (*see*, Exhibit B). In the letter they explain that the devices were installed on August 24, 2017, but between August 22, 2017 and September 6, 2017 the device was not transmitting live audio and video feeds outside the jail. The devices were removed on October, 4, 2017.

    Some of the alleged recordings of Mr. McCants were to have taken place on September 25 and 26, 2017, but this information was not imparted to counsel until October 16, 2017. A 128 GB hard drive was dropped off to AUSA, Peter Martinez, by Alan Bussard, Attorney for Kenneth Jones, on October 25, 2017 and has not been returned with the requested information

as of the date of this Motion. Counsel filed a "rushed" Motion in Limine to Preclude Admission of Recorded Conversation at the Chesapeake Detention Facility as the deadline for Motions in Limine was October 27, 2017.

## II. ARGUMENT

As Your Honor is well aware, the trial in this case begins on November 13, 2017 and it will be impossible for counsel to continue to prepare for trial and fully investigate and digest the information gathered over forty-two days of recordings from the CDF.

### A. Compelling Reason

"Trial judges necessarily require a great deal of latitude in scheduling trials." *Morris v. Slappy*, 461 U.S. 1, 11 (1983) "Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons." *Id*. at 11. There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied. *Ungar v. Sarafite*, 376 U.S. 575, 589(1964). The complexity of a case is undoubtedly one of the circumstances to be considered in deciding whether to grant or deny a motion for continuance. *United States v. Badwan*, 624 F.2d 1228 (4th Circ. 1980)

There are a number of compelling reasons why the above captioned case should be continued. The complexity of the case and the complexity of the recordings themselves. The

Government is, in essence, adding an allegation of murder against Mr. McCants without allowing us to investigate those allegations. Two weeks is not sufficient time for counsel to review the forty-two days of recordings, research applicable law, determine who the individuals on the recordings are, and then investigate if the statements on the recordings have any validity to them or they are just inmates making up stories. Counsel has not been given the reports regarding the installation of the devices and/or the names of the individuals involved in the installation and monitoring of the devices. Information has not been provided as to what type of devices were used and the video that accompanies these recordings has not been produced. Mr. McCants doesn't even know how many devices were used to record him.

Counsel has no way to prepare for cross-examination, determine if witnesses need to be summonsed to testify regarding the recordings, whether experts would be helpful and available regarding the devices and the recordings. This will substantially impact Mr. McCants's right to present a defense and to confront the witnesses against him.

### B. Prejudice

In addition to demonstrating an abuse of discretion, the defendant must also show that the denial of a continuance specifically prejudiced his case. *United States v. Hedgepeth*, 418 F.3d 411, 419 (4th Cir. 2005). "As we have recognized, denial of a motion for continuance may, "under certain circumstances, implicate a defendant's right to present a defense or to confront the witnesses against him." *United States v. Barahona*, 606 Fed Appx. 51, 65 (4 Cir. 2015), *quoting*,

*United States v. Williams*, 445 3.d 724, 739-740 (4th Cir. 2006). "In particular, denial of a continuance may implicate the confrontation right when the defendant is prevented from pursuing a meaningful line of inquiry." *Id* at 740.

As stated above, Mr. McCants contends that he will not have adequate time to prepare a defense to the CDF recordings, review the forty-two days of recordings, while preparing for a six to eight-week trial, investigate and interview witnesses in relation to the recordings, or to consult and hire experts if needed. Mr. McCants's inability to do these things will specifically prejudice his defense in at least five separate ways. (1) It would cause an inability of Mr. McCants to take the stand as he would not adequately be advised of what was on the CDF recordings. Mr. McCants would be unable to take the stand in his own defense, without knowing what is on the entire CDF recording. (2) It would cause an inability to cross-examine the government's witnesses in an adequate manner. As stated above, the government has not turned over any information regarding the installation of the device and/or the names of the individuals involved in the installation and monitoring of the device. (3) It would inhibit Mr. McCants from interviewing and preparing witnesses to testify about the circumstances surrounding the conversations. Mr. McCants would be unable to review the entire CDF recording in time to determine if witnesses who were also recorded during this forty-two-day period were needed to testify as to the context of the conversation Mr. McCants was involved. (4) The defense would not have time to adequately prepare any expert witness to testify as to the capabilities of the device that was used. (5) Finally,

the government has not turned over the videos that go along with the CDF recoding, which severely limit his his defense.

### III. CONCLUSION

To sort out all of this newly acquired information and prepare it for trial could take months. For all of the reasons set forth above it is clear that Mr. McCants has a compelling reason for a continuance and will be prejudiced if that continuance is not granted.

                                              Respectfully Submitted,

                                              _____/s/_____
                                              John R. Francomano III, Esq.
                                              Francomano & Francomano, P.A.
                                              101 E. Chesapeake Ave., Suite 200
                                              Towson, Maryland 21286
                                              (410) 307-1100
                                              Bar ID # 26630
                                              jrfiii@fandflawyers.com
                                              *Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT on this 29th day of October, 2017 a copy of the foregoing Memorandum of Law in support of the Motion for Continuance was electronically filed with the Clerk of the United States District Court using CM/ECF, with a notice of said filing to the following:

Peter J. Martinez, Esquire
Christina A. Hoffman, Esquire
Asst. U.S. Attorneys
36 S. Charles Street, Fourth Floor
Baltimore, Maryland 21201

                                                   /s/
                                   John R. Francomano III, Esquire