**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| UNITED STATES of AMERICA ) | |
| ) | |
| vs.  ) | No. 16-cr-00363-JKB |
| ) | |
| GERALD JOHNSON, ) | |
| ) | |
| Defendant.  ) | |

**OPPOSITION TO GOVERNMENT'S MOTION IN *LIMINE* TO PRECLUDE RAISING OF MULTIPLE CONSPIRACY DEFENSE DURING OPENING STATEMENTS**

Defendant Gerald Johnson, through undersigned counsel, respectfully files this Opposition to the Government's Motion in *Limine* to Preclude Raising of Multiple Conspiracy Defense During Opening Statements (ECF No 344).

The purpose of opening statement "is to state what evidence will be presented, to make it easier for the jurors to understand what is to follow, and to relate parts of the evidence and testimony to the whole." *United States v. Dinitz*, 424 U.S. 600, 612 (1976) (Burger, C.J., concurring); *see also Arizona v. Washington*, 434 U.S. 497, 513 n. 32 (1978) (quoting Chief Justice Burger's concurring opinion in *Dinitz* with approval); *United States v. Thomas*, 114 F.3d 228, 247, 324 U.S. App. D.C. 374 (D.C. Cir. 1997) (citations and internal quotation marks omitted); *United States v. Brockington*, 849 F.2d 872, 875 (4th Cir. 1988) (holding that an opening statement should be an objective summary of the evidence reasonably expected to be produced). During opening statements, a party may comment on what evidence will be presented during the trial, how that evidence fits together, and what theory of defense is supported by that

1

evidence. *See United States v. Low*, 2006 WL 1582432 (U.S. D. Ct. HI). And although it is improper to make statements in opening that will not or cannot be supported by proof, *Dinitz*, 424 U.S. at 612 (Burger, C.J., concurring), "[c]ounsel has the right to direct the attention of the jury to all facts and circumstances that he in good faith believes will be allowed to develop in the evidence." *See Freeman v. Commonwealth*, 425 S.W.2d 575, 578 (Ky. 1967). Here, Defendants have a good faith basis to believe that facts will be elicited at trial to support the multiple conspiracy defense, and the government does not argue to the contrary.[1]

The government has charged the defendants with participation in a RICO conspiracy alleged to span more than a decade (a substantial period of which Mr. Johnson spent incarcerated). The indictment also alleges dozens of overt acts, involving multiple different criminal objectives – including murder, robbery, drug distribution, and witness tampering. The sheer duration, variety, and complexity of the acts alleged suggest multiple conspiracies, rather than a single conspiracy. *See United States v. Stockton*, 349 F. 3d 755, 762 (4th Cir. 2003) ("[i]n cases where a defendant is charged with conspiracy, a district court must issue a "multiple conspiracies" instruction where the evidence supports a finding that multiple conspiracies existed); *United States v. Roberts,* 262 F. 3d 286, 294 (4th Cir. 2001) ("[t]he purpose of a multiple-conspiracies instruction is to avoid jury confusion

---

[1] The government does not assert that there is no evidence of multiple conspiracies. Instead, it contends that the Court should bar defendants from referring to multiple conspiracies in their opening statements, but allow them to argue multiple conspiracies in closing based on evidence adduced at trial. Government's Motion in *Limine* to Preclude Raising of Multiple Conspiracy Defense During Opening Statements at 2.

and the risk that it will "imput[e] guilt to [the defendant] as a member of one conspiracy because of the illegal activity of members of [an]other conspiracy"). In order to "make it easier for the jurors to understand what is to follow, and to relate parts of the evidence and testimony to the whole," *Dinitz*, 424 U.S. at 612 (Burger, C.J., concurring), it is important for the jury to understand the multiple conspiracy defense at the outset of the case. Otherwise, the jury may be confused or pay less attention when evidence related to that defense is introduced at trial. Such a result would be unfairly prejudicial to Defendant.

      Indeed, taken to its logical conclusion, the government's argument would render opening statements virtually meaningless. If, as the government suggests, a party may not address facts until that party introduces evidence to support them, there would be little point to opening statements. Notably, the government does not seek to impose such a rule on both parties.

      The draconian relief the government seeks should also be denied since there are multiple ways in which Defendant's opening statement will be placed into context. For instance, the Court will instruct the jury that opening statements are not to be considered evidence. Additionally, the government is free to call to the jury's attention any discrepancy between defendants' opening statements and the evidence adduced at trial.

      WHEREFORE, for the foregoing reasons, Defendant respectfully submits that this Court should deny the Government's Motion in *Limine* to Preclude Raising of

Multiple Conspiracy Defense During Opening Statements and provide such other and further relief that this Court deems just.

Date: 31 October 2017          Respectfully submitted,

    /s/ Paul F. Enzinna
Ellerman Enzinna PLLC
1050 30th Street, NW
Washington, DC 20007
202.753.5553
penzinna@ellermanenzinna.com

Jefffrey B. O'Toole
Bonner, Kiernan, Trebach & Corciata, LLP
1233 20th Street NW
8th Floor
Washington D.C. 20036
202.712.7000
otoole@bonnerkiernan.com

*Counsel for Defendant Gerald Johnson*

**CERTIFICATE OF SERVICE**

I certify that on October 31, 2017, a copy of the foregoing Opposition to Government's Motion in *Limine* to Preclude Raising of Multiple Conspiracy Defense During Opening Statements was filed using the CM/ECF system, which will then send notification of such filing to all counsel of record.

Respectfully submitted,

/s/ Paul F. Enzinna

Date:  October 31, 201731 October 2017

Ellerman Enzinna PLLC
1050 30th Street, NW
Washington, DC 20007
202.753.5553
penzinna@ellermanenzinna.com