IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-16-0363 |
| | | CIV. NO. JKB-24-0591 |
| MARQUISE MCCANTS, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Marquise McCants has filed a Motion to Vacate Pursuant to 28 U.S.C. § 2255. (ECF No. 1056.) After a jury trial, McCants was found guilty of Conspiracy to Participate in the Affairs of a Racketeering Enterprise (Count One); Conspiracy to Distribute and Possess with the Intent to Distribute Controlled Substances (Count Two); and Possession of a Firearm by a Felon (Count Eight). (ECF No. 537.) For the reasons that follow, McCants' Motion will be denied and a certificate of appealability will not issue.

### I. Legal Standards

28 U.S.C. § 2255 allows a federal prisoner to move to set aside a sentence on the grounds "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" The movant in a § 2255 proceeding bears the burden of proving his entitlement to relief by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Though a court must hold a hearing when the movant raises a genuine dispute of fact, the court need not do so where "the motion and the files and records of the case conclusively show that the prisoner is entitled to

no relief[.]" 28 U.S.C. § 2255(b)

"[A]n ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003). To obtain relief under § 2255 on a theory of ineffective assistance of counsel, a petitioner has the burden of demonstrating (1) that he received ineffective assistance of counsel; and (2) that he was prejudiced by that ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). Proving the first element requires "overcoming the strong presumption that counsel's representation was within the wide range of reasonable professional assistance." *United States v. Mayhew*, 995 F.3d 171, 176 (4th Cir. 2021) (citation and quotations omitted). Proving the second element requires showing that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

## II.  Analysis

McCants makes several arguments in support of his § 2255 Motion, all of which relate to ineffective assistance of counsel. As discussed in more detail below, none of his arguments are meritorious, and the Court will deny the Motion.

### A. Ground One

As Ground One, McCants asserts that his trial counsel "overdosed and died less th[a]n one month after [his] trial" and explains that the police report indicated that his counsel "had suffered from heroin and alcohol addiction for many years" including "before, during, and after [McCants'] trial." (ECF No. 1056 at 4.) McCants asserts that his counsel "performed bad[ly] during trial and the effects of his addiction need further exploration in a hearing." (*Id.*) As the Government

2

explains in its briefing, "[o]n March 17, 2018, several weeks after the trial, the Defendant's trial counsel was tragically found deceased." (ECF No. 1064 at 20.)

As noted above, to obtain relief under § 2255 on a theory of ineffective assistance of counsel, a petitioner has the burden of demonstrating (1) that he received ineffective assistance of counsel; and (2) that he was prejudiced by that ineffective assistance of counsel. Further, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (citing *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

A blanket assertion that his counsel suffered from a substance abuse issue—even during the course of trial—is insufficient to carry McCants' burden. As the Fourth Circuit has explained, "in order for an attorney's alcohol addiction to make his assistance constitutionally ineffective, there must be specific instances of deficient performance attributable to alcohol." *Frye v. Lee*, 235 F.3d 897, 907 (4th Cir. 2000) (collecting cases). Here, although McCants relays that his counsel suffered from substance abuse issues, he does not explain what his counsel did or did not do, nor how his counsel's action or inaction prejudiced him. This is insufficient. *See Campbell v. United States*, Crim. No. 04-01046-DCN-2, 2013 WL 1302472, at *3 (D.S.C. Mar. 28, 2013) ("It is not enough for [defendant] to allege that [his counsel] had a substance abuse problem, or even that [his counsel] was abusing cocaine while he represented [defendant]. To justify habeas relief, [defendant] must show that [his counsel's] drug use caused him to provide ineffective assistance *in a particular instance*." (emphasis in original)).[1] The Court will deny his Motion with respect to Ground One.

---

[1] The Court also notes that it observed McCants' counsel at trial, and that the record reflects that he was a zealous and effective advocate on McCants' behalf. While the Court does not dismiss that any purported substance issues may have had an impact on counsel, the record does not reflect any deficient performance and, as noted above, McCants does not carry his burden of pointing to any deficiencies.

**B. Ground Two**

As Ground Two, McCants argues his counsel was ineffective for failing to object to his life sentence because "[t]he jury never found murder as an overt act in [his] verdict form and [he] was sentenced to" a life sentence, which is above the statutory maximum sentence of 20 years. (ECF No. 1056 at 5.)

McCants was convicted by the jury of Conspiracy to Participate in the Affairs of a Racketeering Conspiracy. (ECF No. 537.) The jury found that the following types of racketeering activity were reasonably foreseeable to him in furtherance of the racketeering enterprise: multiple acts of conspiracy to distribute and possess with intent to distribute controlled substances and multiple acts of distribution and possession with intent to distribute controlled substances. (*Id.*)[2] As is relevant here, the jury further found that the following amounts of controlled substances were foreseeable to McCants in furtherance of the racketeering activity: 280 grams or more of cocaine base. (*Id.*)

The maximum penalty for racketeering conspiracy (18 U.S.C. §1962(d)) is 20 years' imprisonment or imprisonment "for life if the violation is based on a racketeering activity for which the maximum penalty includes life imprisonment." 18 U.S.C. § 1963(a). The maximum penalty for conspiracy to distribute 280 grams or more of a mixture containing cocaine base is life. 21 U.S.C. § 841(b)(1)(A). Thus, in short, while McCants is correct that the jury did not find that first or second degree murder were among those racketeering activities that were reasonably foreseeable to him, he is incorrect that his statutory maximum sentence was 20 years.

---

[2] The jury also found that the following were reasonably foreseeable: one act of attempted murder; one act of conspiracy to commit murder; and multiple acts of robbery. (ECF No. 537.) The jury did not find that the following were reasonably foreseeable: first degree murder; second degree murder; tampering with witnesses, victims, and informants; and retaliating against victims, witnesses, and informants. (*Id.*)

4

His counsel cannot have been constitutionally ineffective for failing to raise an incorrect argument.[3] Therefore, the Court will deny McCants' Motion with respect to Ground Two.

### C. Ground Three

McCants' final ground in support of his Motion is that his counsel was ineffective "for failing to contest the murder cross reference enhancement under U.S.S.G. § 2A2.1 based on malice [aforethought], without finding intent to kill. Counsel should have objected on the ground that the evidence was insufficient to prove he harbored an intent to kill." (ECF No. 1056 at 7.)

As an initial matter, the Court applied the guideline for first degree murder, U.S.S.G. § 2A1.1 (not § 2A2.1). The sentencing transcript reflects that the parties and the Court discussed the murder cross reference at length during sentencing. (*See, e.g.*, ECF No. 874 at 9–26.) The Court "f[ound] that [McCants] absolutely, by proof beyond a reasonable doubt, intended to kill [one of the victims]" and that he "at least mentally, and in terms of intent, is a killer." (*Id.* at 23.) The Court also noted that the jury had returned verdicts that the racketeering activity included both attempted murder and conspiracy to commit murder. (*Id.* at 19 (the Court explaining that "[t]he jury did not check the box for first degree murder, they did not check the box for second degree murder, they did check the box for attempted murder. And most significant to the current discussion, in my mind, is the fact that they checked the box for conspiracy to commit murder.").) Under these circumstances the Court cannot conclude the McCants' attorney was deficient for failing to raise the argument that the evidence was insufficient to prove an intent to kill. Rather,

---

[3] The Court also notes that McCants' counsel at sentencing was not the counsel that he claims had substance abuse issues. Further, the record reflects that his counsel *did* argue that he should not receive a life sentence, just not on the incorrect basis that McCants asserts in his Motion. (*See, e.g.*, ECF No. 874 at 34 (transcript reflecting his counsel explaining that her "request for a sentence less than life is under the factors under [§] 3553").)

5

the record reflects that McCants' attorney raised other more meritorious (although ultimately unsuccessful) arguments. (*See id.* at 9–26.)

Further, at sentencing, the Court explained that:

> [S]hould the Court have concluded that rather than applying the cross reference that brought into play the guideline for first degree murder, but instead the Court had concluded that only attempt or conspiracy was appropriate, and should the base offense level have started at 33, and although there might have been additional upward considerations, the calculation might have, under this hypothetical, never reached, say, offense level 43. And perhaps then the guidelines range recommended by the Sentencing Commission would have been for a term of less than life.
>
> The Court now notes for the record that, even if it had been in that circumstance, it would have nonetheless imposed the sentence that it is imposing today, it simply would have employed an upward variance to get to that point. And this is because the Court would have then concluded that all of these other considerations that I've articulated under Section 3553 would have overwhelmed the recommendation then made by the Sentencing Commission to impose a term of less than life, and would have nonetheless imposed a term of life.

(ECF No. 872 at 50.) Thus, even if the Court were to find that counsel was deficient for failing to contest the murder cross-reference—which it does not—McCants suffered no prejudice, given the Court's conclusion that it would impose a life sentence regardless of the applicability of the cross-reference.

### III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment

6

of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). Where a motion is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can "demonstrate both (1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (citation and quotation marks omitted). McCants does not satisfy the above standards. Accordingly, a certificate of appealability will not issue.

### IV. Conclusion

For the foregoing reasons, McCants' § 2255 Motion (ECF No. 1056) is DENIED and a certificate of appealability SHALL NOT ISSUE.

DATED this __25__ day of June, 2024.

BY THE COURT:

James K. Bredar
United States District Judge