IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-16-0363 |
| | | CIV. NO. JKB-24-0591 |
| MARQUISE MCCANTS, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Marquise McCants filed a Motion to Vacate Pursuant to 28 U.S.C. § 2255. (ECF No. 1056.) The Motion is fully briefed.[1] For the reasons that follow, the Motion will be denied and a certificate of appealability will not issue.

**I.  Legal Standard**

28 U.S.C. § 2255 allows a federal prisoner to move to set aside a sentence on the grounds "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" The movant in a § 2255 proceeding bears the burden of proving his entitlement to relief by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Though a court must hold a hearing when the movant raises a genuine dispute of fact, the court need not do so where

---

[1] McCants filed a Motion to Vacate Pursuant to 28 U.S.C. § 2255 on February 23, 2024. (ECF No. 1056.) The Court set in a briefing schedule (ECF No. 1058), and the United States filed a response in opposition to the Motion on May 20, 2024. (ECF No. 1064.) McCants did not timely file a reply, and on June 25, 2024, the Court denied McCants' § 2255 Motion. (ECF No. 1066.) Thereafter, on July 1, 2024, the Court received McCants' Motion for Enlargement of Time to File Reply. (ECF No. 1067.) That Motion was dated June 16, 2024, before the Court's Memorandum and Order denying McCants' § 2255 Motion was docketed. (*Id.*) The Court granted the Motion and vacated its prior Memorandum and Order to permit him time to file a reply. (ECF No. 1068.) Thereafter, McCants filed a Reply. (ECF No. 1071.)

"the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b).

"[A]n ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003). To obtain relief under § 2255 on a theory of ineffective assistance of counsel, a petitioner has the burden of demonstrating (1) that he received ineffective assistance of counsel and (2) that he was prejudiced by that ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). Proving the first element requires "overcoming the strong presumption that counsel's representation was within the wide range of reasonable professional assistance." *United States v. Mayhew*, 995 F.3d 171, 176 (4th Cir. 2021) (citation and internal quotation marks omitted). Proving the second element requires showing that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

## II. Analysis

McCants makes several arguments in support of his § 2255 Motion, all of which relate to ineffective assistance of counsel. As discussed in more detail below, none of his arguments are meritorious, and the Court will deny the Motion.

### A. Ground One

As Ground One, McCants asserts that his trial counsel "suffered from heroin and alcohol addiction for many years," including "before, during, and after [McCants'] trial." (ECF No. 1056 at 4.) As noted above, to obtain relief under § 2255 on a theory of ineffective assistance of counsel, a petitioner has the burden of demonstrating (1) that he received ineffective assistance of counsel

2

and (2) that he was prejudiced by that ineffective assistance of counsel. As is relevant for purposes of the pending Motion, "in order for an attorney's alcohol addiction to make his assistance constitutionally ineffective, there must be specific instances of deficient performance attributable to alcohol." *Frye v. Lee*, 235 F.3d 897, 907 (4th Cir. 2000) (collecting cases); *see also Campbell v. United States*, Crim. No. 04-01046-DCN-2, 2013 WL 1302472, at *3 (D.S.C. Mar. 28, 2013) ("It is not enough for [defendant] to allege that [his counsel] had a substance abuse problem, or even that [his counsel] was abusing cocaine while he represented [defendant]. To justify habeas relief, [defendant] must show that [his counsel's] drug use caused him to provide ineffective assistance *in a particular instance*." (emphasis in original)).

McCants makes various arguments in his Reply in support of his argument that he received ineffective assistance of counsel. The arguments fall into three categories: (1) allegations regarding counsel's failures with respect to Federal Rule of Evidence 404(b) and 609(c); (2) allegations regarding counsel's pretrial investigatory failures; and (3) other generalized allegations. None of these arguments are availing.

### 1. Allegations Regarding Rules 404(b) and 609(c)

McCants explains in his Reply that "during the pre-trial motions stages, deceased counsel had learned that the Government plan[n]ed to present inadmissible 404(b) evidence that clearly violates section (b)(1) and Rule 609(c)(2) of the Federal Rules of Evidence" and that "the Government was allowed without any adversarial challenges, to present prior charged and uncharged conduct from more than 10 years pre-dating [McCants'] instant offense of conviction." (ECF No. 1071 at 6–7.) This argument fails because it is vague and conclusory. It also fails because McCants has not shown either deficient performance or prejudice.

As an initial matter, it is not clear what evidence McCants contends his counsel should

3

have objected to. It is well established that "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (citation omitted). McCants points to Rule 609(c)(2), which provides that evidence of a conviction is inadmissible if "the conviction has been the subject of a pardon, annulment, or other equivalent procedure based on a finding of innocence." However, he does not explain what conviction he references. He also points to Rule 404(b)(1), which provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, he again does not explain what evidence his counsel should have objected to. Accordingly, the Court finds that McCants is not entitled to relief, given the vagueness of his contention. *See United States v. Tunes*, Crim. No. MHL-17-92, 2021 WL 1876128, at *4 (E.D. Va. May 10, 2021) ("[Defendant] fails to provide any factual detail about what objections she would have wanted counsel to make . . . . As a result, [she] fails to establish a claim for relief on this ground.").

Further, McCants simply does not show that his counsel's performance was deficient in any way. McCants is factually incorrect that his counsel permitted the Government to present—without challenge—such evidence. The record reflects that McCants' counsel raised evidentiary issues at the pretrial and trial stages of this litigation. For instance, before trial, McCants' counsel filed a motion seeking that the Government provide notice of Rule 404(b) and Rule 609 evidence. (*See* ECF No. 206 (explaining that such notice is required to "enable Mr. McCants to file appropriate motions *in limine* and to allow the Court to make a pretrial determination of the admissibility of any such evidence"). McCants' counsel then filed motions *in limine* seeking that certain evidence be precluded from trial on, *inter alia*, Rule 404(b) grounds. (ECF Nos. 345, 348,

350 (motions *in limine*); *see also* ECF No. 808 (transcript of the pretrial conference).) Further, the Court has reviewed the trial record. In short, it reflects that McCants' counsel made various objections regarding the very issue McCants specifies. (*See, e.g.*, ECF No. 826 (transcript reflecting McCants' counsel raising a Rule 404(b) issue regarding certain evidence and reflection a discussion regarding whether the evidence is intrinsic).) The record also reflects that McCants' counsel was an active participant in the trial, raising objections when appropriate. McCants' counsel was not under an obligation to raise every possible objection. *See United States v. Mason*, 774 F.3d 824, 830 (4th Cir. 2014) ("Attorneys exist to exercise professional judgment, which often involves setting priorities. Indeed, it can be positively detrimental to a client's chances not to set priorities but rather to scattershot the case by raising every objection at trial[.]").

Further, McCants has identified no prejudice flowing from any purported failure on his counsel's part. Prejudice requires showing that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. McCants has failed to make any such showing.

### 2. Allegations Regarding Pretrial Investigatory Failures

McCants also alleges that counsel ignored McCants' requests to visit him so that he "could provide him with necessary information and/or possible defense trial evidence so that he could contact and interview alibi and corroborating witnesses in support of [McCants'] defense." (ECF No. 1071 at 7.) McCants states that his counsel "never conducted any meaningful pre-trial investigation despite the surmountable evidence the Government intended to present," and that his counsel "fail[ed] to conduct the very necessary pre-trial investigations and/or conduct any meaningful review of the discovery file to determine if any pertinent pre-trial motions needed to

be filed." (*Id.* at 8–9.)

These allegations likewise do not support McCants' argument that he received ineffective assistance of counsel. His allegations are conclusory, and McCants does not explain what evidence his counsel failed to uncover or how it would have impacted trial. As noted above, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *Dyess*, 730 F.3d at 359. Further, "any movant alleging that counsel's failure to investigate amounts to ineffective assistance must proffer 'what favorable evidence or testimony would have been produced.'" *Moore v. United States*, Crim. No. 18-405-BO, 2024 WL 4633962, at *3 (E.D.N.C. Oct. 30, 2024) (quoting *Beaver v. Thompson*, 93 F.3d 1186, 1195 (4th Cir. 1996)). McCants fails to allege what favorable evidence or testimony would have been uncovered by his counsel.

Moreover, McCants is factually incorrect that his counsel failed to determine whether any pretrial motions needed to be filed. Rather, the record reflects that his counsel filed numerous pretrial motions, many that were obviously based upon counsel's review of the evidence. (*See, e.g.*, ECF Nos. 197, 198, 199, 201, 202, 203, 204, 205, 206, 211, 212, 239, 240, 278.) Contrary to McCants' assertions, these motions reflect that his counsel carefully reviewed the record and filed appropriate pretrial motions.

### 3. Other Allegations

McCants also argues that his counsel ignored McCants' requests to "just meet and confer with [him] to ensure that [he] fully understood the charges against [him]." (ECF No. 1071 at 7.) He also alleges that his counsel's "outward appearance" was not appropriate and that he appeared "seemingly confused as to his day to day operations" and appeared "discourteous and intoxicated during a jail visit." (*Id.* at 8.)

6

These allegations again do not support McCants' argument that he received ineffective assistance of counsel. These allegations, like those discussed above, are conclusory. *See, e.g., Martin v. United States*, Crim No. 21-00016-JAW-1, 2023 WL 5485996, at *3 (D. Me. Aug. 24, 2023) ("[A]llegations, such as the assertion that Petitioner's attorney was 'rude' and 'threatened' him[,] are too vague to establish an ineffective assistance claim."). Further, taking these allegations as true, McCants does not explain how he was prejudiced by his counsel's outward appearance, nor how he was prejudiced by an allegedly rude encounter during a jail visit.

Accordingly, for the foregoing reasons, McCants' Motion will not be granted with respect to Ground One.

**B. Ground Two**

As Ground Two, McCants argues that his counsel was ineffective for failing to object to his life sentence because "[t]he jury never found murder as an overt act in [his] verdict form and [he] was sentenced to" a life sentence, which is above the statutory maximum sentence of 20 years. (ECF No. 1056 at 5.)[2] This argument fails.

McCants was convicted by the jury of Conspiracy to Participate in the Affairs of a Racketeering Conspiracy. (ECF No. 537.) McCants is correct that the jury did not find that first-degree murder or second-degree murder were reasonably foreseeable to him in furtherance of the racketeering enterprise. (*Id.*) However, the jury did find that the following types of racketeering activity were reasonably foreseeable to him in furtherance of the racketeering enterprise: (1) one act of attempted murder; (2) one act of conspiracy to commit murder; (3) multiple acts of robbery; (4) multiple acts of conspiracy to distribute and possess with intent to distribute controlled substances; and (5) multiple acts of distribution and possession with intent to distribute controlled

---

[2] The Court notes that McCants' trial counsel passed away before sentencing. Accordingly, Grounds Two and Three do not involve the same substance abuse allegations as Ground One.

7

substances. (*Id.*) As is relevant here, the jury further found that the following amounts of controlled substances were foreseeable to McCants in furtherance of the racketeering activity: 280 grams or more of cocaine base. (*Id.*)

The maximum penalty for racketeering conspiracy, 18 U.S.C. § 1962(d), is 20 years' imprisonment or imprisonment "for life if the violation is based on a racketeering activity for which the maximum penalty includes life imprisonment." 18 U.S.C. § 1963(a). The maximum penalty for conspiracy to distribute 280 grams or more of a mixture containing cocaine base is life. 21 U.S.C. § 841(b)(1)(A). Thus, in short, while McCants is correct that the jury did not find that first- or second-degree murder were among those racketeering activities that were reasonably foreseeable to him, he is incorrect that his statutory maximum sentence based upon the jury's verdict was 20 years.

His counsel cannot have been constitutionally ineffective for failing to raise an incorrect argument. Further, the record reflects that his counsel did argue that he should not receive a life sentence, just not on the incorrect basis that McCants asserts in his Motion. (*See, e.g.*, ECF No. 874 at 34 (transcript reflecting his counsel explaining that her "request for [a] sentence less than life is under the factors under [§] 3553").)

Therefore, the Court will deny McCants' Motion with respect to Ground Two.

### C. Ground Three

McCants' final ground in support of his Motion is that his counsel was ineffective "for failing to contest the murder cross reference enhancement under U.S.S.G. § 2A[1].1 based on malice [aforethought], without finding intent to kill. Counsel should have objected on the ground that the evidence was insufficient to prove he harbored an intent to kill." (ECF No. 1056 at 7.)

The sentencing transcript reflects that the parties and the Court discussed the murder cross-

reference at length during sentencing. (*See, e.g.*, ECF No. 874 at 9–26.) The Court "f[ound] that [McCants] absolutely, by proof beyond a reasonable doubt, intended to kill [one of the victims]" and that he "at least mentally, and in terms of intent, is a killer." (*Id.* at 23.) The Court also noted that the jury had returned verdicts that the racketeering activity included both attempted murder and conspiracy to commit murder. (*Id.* at 19 ("The jury did not check the box for first degree murder, they did not check the box for second degree murder, they did check the box for attempted murder. And most significant to the current discussion, in my mind, is the fact that they checked the box for conspiracy to commit murder.").) Under these circumstances, the Court cannot conclude that McCants' attorney was deficient for failing to raise the argument that the evidence was insufficient to prove an intent to kill, given the Court's statements regarding its view of the evidence.

Further, the transcript also reflects that McCants' counsel *did* contest the murder cross reference. (*See, e.g.*, ECF No. 874 at 18 (McCants' counsel explaining that there are "problems with the facts here, in that the jury didn't make that determination . . ."); *id.* at 23 (counsel arguing with the Court's finding that certain murders were reasonably foreseeable to McCants).) Thus, the record reflects that McCants' attorney raised other, more meritorious (although ultimately unsuccessful) arguments with respect to the murder cross reference.

Further, at sentencing, the Court explained that:

> [S]hould the Court have concluded that rather than applying the cross reference that brought into play the guideline for first degree murder, but instead the Court had concluded that only attempt or conspiracy was appropriate, and should the base offense level have started at 33, and although there might have been additional upward considerations, the calculation might have, under this hypothetical, never reached, say, offense level 43. And perhaps then the guidelines range recommended by the Sentencing Commission would have been for a term of less than life.

The Court now notes for the record that, even if it had been in that circumstance, it

9

> would have nonetheless imposed the sentence that it is imposing today, it simply would have employed an upward variance to get to that point. And this is because the Court would have then concluded that all of these other considerations that I've articulated under Section 3553 would have overwhelmed the recommendation then made by the Sentencing Commission to impose a term of less than life, and would have nonetheless imposed a term of life.

(ECF No. 872 at 50.) Thus, even if the Court were to find that counsel was deficient for failing to contest the murder cross-reference—which it does not—McCants suffered no prejudice, given the Court's conclusion that it would impose a life sentence regardless of the applicability of the cross-reference.

### D. Acquitted Conduct

In his Reply, McCants raises arguments regarding Amendment 826, a Sentencing Guidelines Amendment that modified U.S.S.G § 1B1.3. The relevant conduct rule of U.S.S.G. § 1B1.3 describes the conduct a sentencing court can consider in determining the guideline range applicable to a defendant. Amendment 826 added subsection (c), which provides that "[r]elevant conduct does not include conduct for which the defendant was criminally charged and acquitted in federal court unless such conduct also establishes, in whole or in part, the instant offense of conviction."

McCants' citation to this Amendment does not change the Court's above analysis. As an initial matter, a § 2255 motion is not the appropriate vehicle for such an argument. *United States v. Goines*, 357 F.3d 469, 477 (4th Cir. 2004) ("[G]uideline claims ordinarily are not cognizable in § 2255 proceedings."); *Graham v. United States*, Crim. No. 14-00085-RBH-17, 2017 WL 3706222, at *2 (D.S.C. Aug. 28, 2017) ("A petitioner ordinarily cannot use 28 U.S.C. § 2255 to seek a sentence reduction based on subsequent amendments to the Sentencing Guidelines. A motion for sentence reduction based on a Guidelines amendment should be filed under 18 U.S.C. § 3582(c)(2), not 28 U.S.C. § 2255." (citing *Goines*, 357 F.3d 469 at 477–81).) Moreover, it is

unlikely that McCants would receive a sentence reduction if he pursued this argument in a § 3582 motion, given that Amendment 826 was not made retroactive. *See United States v. Lamar Stewart*, Crim. No. 09-0312(4) (PJS/FLN), 2024 WL 4699902, at *1 (D. Minn. Nov. 6, 2024) (explaining that "only amendments listed in USSG § 1B1.10(d) have retroactive effect," and noting that Amendment 826 is not listed). "[I]n a § 3582 proceeding, the district court may only consider the effect of the retroactive amendment, not any other sentencing or Guidelines issues." *United States v. Joseph*, 312 F. App'x 519 (4th Cir. 2009).

Moreover, Amendment 826 by its terms applies only to determining the Guidelines range. *See* U.S.S.G. § 1B1.3 (entitled "Relevant Conduct (Factors that Determine the Guideline Range)"). Furthermore, the Sentencing Commission's commentary on the Amendment provided that "nothing in the Guidelines Manual abrogates a court's authority under 18 U.S.C. § 3661." 18 U.S.C. § 3661 provides that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." Thus, while Amendment 826 prohibits the consideration of acquitted conduct in determining the Guidelines range, nothing in Amendment 826 precludes the Court's consideration of conduct in assessing the § 3553(a) factors. As reflected in the discussion above, the Court indicated that even if McCants' Guidelines range had been different, it would have applied an upward variance and imposed a life sentence based upon the § 3553(a) factors.

### III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from

11

the court's order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). Where a motion is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can "demonstrate both (1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (citation and quotation marks omitted). McCants does not satisfy the above standards. Accordingly, a certificate of appealability will not issue.

## IV.     Conclusion

For the foregoing reasons, McCants' § 2255 Motion (ECF No. 1056) is DENIED and a certificate of appealability SHALL NOT ISSUE.

DATED this __14__ day of November, 2024.

BY THE COURT:

_/s/ James K. Bredar_
James K. Bredar
United States District Judge