IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | *   CRIM. NO. JKB-16-0363 |
| MARQUISE MCCANTS, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion, which is styled as a motion for "rehearing and reinstatement of [his] application for structural error review." (ECF No. 1084.) Defendant seems to be seeking reconsideration of the Court's recent Memorandum and Order (ECF No. 1083), which rejected Defendant's attempt to collaterally attack his conviction and sentence. In that ruling, the Court explained that the relief Defendant sought could only be obtained through a motion under 28 U.S.C. § 2255. But because Defendant had already filed a § 2255 motion in February 2024 (ECF No. 1056), which the Court denied in November 2024 (ECF No. 1072), he first needed to receive authorization from the United States Court of Appeals for the Fourth Circuit in order to file a second § 2255 motion. Defendant had not received the required authorization, so the Court possessed no jurisdiction over his motion. *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003).

Defendant has still not received authorization from the Fourth Circuit to file a second § 2255 motion. And the instant Motion provides no basis for the Court to alter its conclusion that it lacks jurisdiction to consider Defendant's claims. Rather, the Motion rehashes the claims that Defendant suffered "structural error" at his trial. While Defendant is free to make this argument,

he must make it before the Court of Appeals. If that court determines that he meets the strict requirements for authorization of a second or successive § 2255 motion, then Defendant may re-allege his claims in this Court. Because Defendant has not received the required authorization, the Court lacks jurisdiction over his Motion, and it will be denied.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the Court's order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a motion is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can "demonstrate both (1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (internal marks omitted). Petitioner does not satisfy the above standards. Accordingly, a certificate of appealability will not issue.

For the foregoing reasons, it is hereby ORDERED that:

1. Defendant's Motion (ECF No. 1084) is DENIED;

2. A certificate of appealability SHALL NOT ISSUE;

3. The Clerk SHALL PROVIDE a copy of this Memorandum and Order and a copy of the instructions and form packet for filing a motion under 28 U.S.C. § 2244 (authorization of District Court to consider second or successive application for relief) to Defendant; and

2

4. The Clerk SHALL CLOSE this case.

Dated this ___9___ day of February, 2026.

BY THE COURT:

*/s/ James K. Bredar*

James K. Bredar
United States District Judge